IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| v. | : | Case No. GLS-24-1603 |
| | : | |
| **RONALD BRISBON** | : | |
| | : | |
| **Defendant** | : | |

## CONSENT MOTION FOR COMPTENCY HEARING

Ronald Brisbon, the Defendant, by and through Andrew R. Szekely and Eric Pilch, Assistant Federal Public Defenders, hereby moves with the consent of the government for an order finding Mr. Brisbon incompetent to stand trial and to commit Mr. Brisbon to the custody of the Attorney General for a period of time not to exceed four months to determine whether he can be restored to competency. In support thereof Mr. Brisbon states as follows.

1. Mr. Brisbon is charged by complaint with a single count of murder, in violation of 18 U.S.C. § 1111. Complaint, ECF No. 1. Mr. Brisbon made his initial appearance on August 13, 2024, and consented to detention. *See* Order of Detention by Agreement, ECF No. 7.

2. Starting on August 27, 2024, the Court approved a series of consent motions to continue the preliminary hearing in this case and to toll the time by which the government must file an indictment. *See* Tolling Orders ECF Nos. 12, 17, 19, 21, and 24. The current tolling period expires on March 28, 2025. *See* Order, ECF No. 24.

3. Shortly after Mr. Brisbon's initial appearance counsel retained Dr. Khalid El-Sayed to evaluate Mr. Brisbon and opine as to Mr. Brisbon's competency to stand trial. *See* Dr. Khalid El-Sayed curriculum vitae, Exhibit A.

4. On January 31, 2025, Dr. El-Sayed returned his report to counsel. *See* Competency Evaluation Report, Exhibit B (under seal). Dr. El-Sayed concluded that "to a reasonable degree of medical certainty, Mr. Ronald Brisbon does not understand the nature and object of the proceedings against him and is unable to assist in his defense. He is Not Competent to Stand Trial." *Id.* at 37.

5. Mr. Brisbon suffers from "a major neurocognitive disorder, severe, multifactorial in origin" *Id.* at 36. The "multifactorial" causes are "probable early-onset Alzheimer's dementia" and "repeated traumatic brain injury leading to suspected Chronic Traumatic Encephalopathy." *Id.*

6. Counsel has shared this report with Assistant United States Attorneys Ranganath Manthripragada and Brooke Oki. On behalf of the government, they do not object to Dr. El-Sayed's findings.

7. Recently, Mr. Brisbon's symptoms have worsened. Last week, the medical staff at the Chesapeake Detention Facility transferred Mr. Brisbon to the Inmate Mental Health Unit (IMHU) at the Central Booking and Intake Facility because the staff at CDF felt they could no longer care for Mr. Brisbon.

8. Competency proceedings are governed by 18 U.S.C. § 4241. Subsection (a) permits either party to the case or the Court to raise the issue of competency at any time "after the commencement of a prosecution for an offense." Once a party makes the motion, or the Court *sua sponte* raises competency, the court "shall" hold a competency hearing.

9. It appears that no judge in this District has addressed whether a Magistrate Judge has jurisdiction to make a finding of competency, or not, to stand trial under § 4241 where the case is in a pre-indictment procedural posture. But there is broad

authority from federal courts across the country concluding that competence is a non-dispositive matter that a Magistrate Judge may decide. *See e.g.,* U*nited States v. Battle,* 264 F.Supp.2d 1088, 1108 (N.D.Ga. 2003) ("[T]he Court finds that the magistrate judge did have the authority to conduct the competency hearing."); *United States v. Hemmings,* 1991 WL 79586, at *4 (D.D.C. May 2, 1991) ("Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of [18 U.S.C. § 4241(a)]); *United States v. Doshier*, No. CR-09-042-RAW, 2009 WL 2230789, at *1 (E.D. Okla. July 23, 2009) ("a magistrate judge *does* have [the authority to address competency] for several reasons: (i) there is no statutory indication that such jurisdiction is lacking … (ii) the need to consider competency often arises prior to indictment, when the *only* judge assigned to the case is a magistrate judge (as was initially the case here), . . . .).

10. Mr. Brisbon therefore asks the Court to convene hearing pursuant to 18 U.S.C. § 4142(c) to determine his competence to stand trial.

11. Subsection (b) allows, but does not require, the Court to order an evaluation of a defendant prior to a hearing. As the parties have an agreed-to report finding Mr. Brisbon incompetent, Mr. Brisbon and the government agree no further evaluation is required prior to a hearing on Mr. Brisbon's competence to stand trial.

12. At the hearing, Mr. Brisbon asks the Court to enter the attached order finding by a preponderance of the evidence that he is presently suffering from a mental

disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Mr. Brisbon further asks the Court to commit him to the custody of the Attorney General "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

Wherefore, defense counsel respectfully requests this Honorable Court, pursuant to 18 U.S.C. § 4241, to find Mr. Brisbon incompetent to stand trial and to commit Mr. Brisbon for a period of time, not to exceed four months, to determine whether he can be restored to competency.

Respectfully submitted,

James Wyda
Federal Public Defender
for the District of Maryland

___/s/_____
Andrew R. Szekely
Eric Pilch
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: andrew_szekely@fd.org
         eric_pilch@fd.org

4